Honorable _____

# UNITED STATE DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ACME FOOD SALES, INC., | Cause No.: _____ |
| Plaintiff, | |
| v. | (KING COUNTY SUPERIOR COURT CAUSE NO. 13-2-24404-7 SEA) |
| STARR SURPLUS LINES INSURANCE COMPANY, | **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| Defendant. | |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF WASHINGTON. PLEASE TAKE NOTICE THAT Defendant in the above-entitled matter hereby removes to this Court the state court action described below.

**Introduction**

Defendant Starr Surplus Lines Insurance Company ("Defendant"), by and through its counsel, and pursuant to 28 U.S.C. 1332, 1441, and 1446, hereby gives notice of the removal of

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 1

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

this action to the United States District Court for the Western District of Washington. Pursuant to 28 USC §1441, as grounds for this removal, Defendant provides as follows:

**Commencement of State Court Action by Plaintiff**

1. On or about July 1, 2013, Plaintiff Acme Food Sales, Inc. ("Plaintiff") filed an action in state court, which is captioned *Acme Food Sales, Inc. v. Starr Surplus Lines Insurance Company*, Superior Court of the State of Washington for King County, Case No. 13-2-24404-7 SEA (the "State Court Action"). The State Court Action was commenced when Plaintiff's Summons and Complaint were filed with the Clerk of the King County Superior Court on July 9, 2013.

2. Plaintiff then served Defendant with a Summons; Civil Information Sheet; and a copy of its Amended Complaint for Breach of Contract and Bad Faith ("Amended Complaint") on July 12, 2013.

**Nature of the Case/Jurisdiction**

3. The State Court Action is a civil action regarding a claim made by Plaintiff under a Product Contamination insurance contract issued by Defendant over which this Court has original jurisdiction pursuant to 28 U.S.C. 1332. The amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

4. Diversity exists because Plaintiff is a business entity organized and existing in the State of Washington and Defendant is a business entity organized and existing in the State of Illinois with its principal place of business in the State of New York. *See* 28 U.S.C. 1332(c)(1).

5. Plaintiff seeks relief from Defendant in the State Court Action based upon the following causes of action: 1) a declaration regarding whether there is coverage under the Starr insurance policy; 2) breach of contract; 3) violation of Washington Unfair Business Practices and

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 2

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

Consumer Protection Act; 4) breach of duty of good faith; and 5) violation of the Washington Insurance Fair Conduct Act.

6. The amount in controversy exceeds the requisite $75,000 minimum. *See* Amended Complaint, attached as **Exhibit A**.

7. 28 U.S.C. 1446(c)(2)(A) provides, in pertinent part, as follows:

> the notice of removal may assert the amount in controversy if the initial pleading seeks… (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…

Here, Plaintiff does not identify the monetary figure that it is seeking in the Amended Complaint, but instead provides, "the amount in controversy exceeds $300." *See* Exhibit A, ¶ 4. Therefore, Defendant is asserting that the amount in controversy exceeds $75,000 in this Notice of Removal because the initial pleading seeks a money judgment and State practice permits recovery of damages in excess of the $300 amount that was demanded.

8. Plaintiff submitted a Notice of Loss on or around December 21, 2012, which provides that total costs for the recall at issue in this action were $329,482.83 at that time. *See* Cost Summary, attached as **Exhibit B**. Plaintiff notes that "this is not final and more items and costs will be added." *See* E-mail regarding Cost Summary, attached as **Exhibit C**.

9. Further, the following portions of the Amended Complaint make clear Plaintiff is seeking more than $75,000:

- "The 'accidental contamination' and 'governmental recall' coverages are each subject to limits of $1,000,000 for each "insured event" and in the aggregate for the period of the Policy." Exhibit A, ¶ 9.

- "Acme seeks a declaration that coverage exists under the Policy for the loss it incurred in connection with Acme's recall of the Product." Exhibit A, ¶ 43.

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 3

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

- "As a direct and proximate result of Starr's violation of the CPA, Acme has been damaged in its business in an amount to be established at trial, and is entitled to recover its actual damages, treble damages as permitted by the CPA, reasonable attorneys' fees, and actual and statutory litigation costs, including but not limited to expert witness fees." Exhibit A, ¶ 51.

- "As a direct and proximate result of Starr's bad faith, Acme has been damaged in an amount to be established at trial and is entitled to recover its actual damages, reasonable attorneys' fees, and actual and statutory litigation costs, including but not limited to expert witness fees." Exhibit A, ¶ 54.

- "As a direct and proximate result of Starr's violations of [Washington Insurance Fair Conduct Act, Chapter 48.30, RCW], Acme has been damaged in its business in an amount to be established at trial, and is entitled to recover its actual damages, treble damages, reasonable attorneys' fees, and actual and statutory litigation costs, including but not limited to expert witness fees." Exhibit A, ¶ 57.

- "The insured continues to document the recall costs, product replacement costs and additional costs it incurs reimbursable under the policy.  The insured will submit those costs once determined." Exhibit 6 to Amended Complaint, P. 2, attached as **Exhibit D**.

10. Local Rule W.D. Wash. 101(a) provides:

> If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court.  The notice of removal shall in that event set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought.

Defendant reasonably believes Plaintiff is seeking an amount greater than $75,000 in this action because Plaintiff is seeking damages for a recall of its product and is requesting treble damages in addition to attorney fees and costs.  Defendant has a good faith belief that Plaintiff is seeking damages in excess of the jurisdictional amount based upon the allegations set forth in Plaintiff's Amended Complaint.

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 4

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

**Intradistrict Assignment**

11. Venue is proper in the United States District Court for the Western District of Washington because it embraces the location where the State Court Action is pending. *See* 28 U.S.C. 1446(c).

12. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. 1332. The parties are completely diverse, the amount in controversy exceeds $75,000, and venue is proper in this Court.

13. Defendant is removing this case to the Seattle Division of this Court pursuant to LCR 3(d)(1) because Plaintiff filed suit in the Superior Court of the State of Washington for King County.

**Record in State Court**

14. The following pleadings, as are available in the file of the State Court Action, encompass all of the pleadings received or filed by Defendant up to the present time:

Summons

Complaint

Amended Complaint

Case Information Cover Sheet

Affidavit of Service re: Complaint (July 9, 2013)

Affidavit of Service re: Amended Complaint (July 12, 2013)

Order Setting Civil Case Schedule

///

///

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 5

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

**Compliance with Rules**

15. Defendant is filing this Notice of Removal within thirty (30) days after Defendant's receipt, through service or otherwise, of copies of the initial pleading from which it may be ascertained that this action is removable.  28 U.S.C. 1446(b).

16. Pursuant to LCR 101, Defendant is filing a copy of the Amended Complaint contemporaneously with this Notice of Removal.  *See* Exhibit A.

17. Further, Defendant will file with this Court all additional records and proceedings from the State Court Action along with Defendant's verification that they are true and complete copies within 14 days of filing this Notice of Removal pursuant to LCR 101.

**Concurrent Notice to State Court**

18. Defendant is concurrently filing and serving a copy of this Notice of Removal with the Court Clerk of the King County Superior Court.

**Reservation of Rights**

19. Defendant specifically reserves all of its rights under the insurance policy and under applicable law, including the right to assert any and all defenses and affirmative matters in this case, including, but not limited to, any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal is intended as a waiver or relinquishment of such rights.

///

///

///

///

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 6

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

**Conclusion**

WHEREFORE, Defendant respectfully requests that the State Court Action pending in King County Superior Court now be removed to this Court and that all further proceedings be had in this Court.

DATED this 7th day of August 2013.

                        CHAMBERLIN KEASTER & BROCKMAN LLP

                        /s/_____
                        Peter J. Mintzer, WSBA No. 19995
                        CHAMBERLIN KEASTER & BROCKMAN LLP
                        500 Union Street, Suite 645
                        Seattle, WA 98101
                        Telephone:  206-447-6461
                        Facsimile:   206-223-4021
                        Email: pmintzer@ckbllp.com

                        WILSON ELSER MOSKOWITZ EDELMAN & DICKER

                        Joseph Bermudez,
                        Jessica Collier,
                        WILSON ELSER MOSKOWITZ EDELMAN & DICKER
                        1512 Larimer Street Suite 550
                        Denver, CO 80202
                        Telephone:  303-572-5300
                        Facsimile:  303.572.5301
                        Email: joseph.bermudez@wilsonelser.com
                                  jessica.collier@wilsonelser.com

                        Counsel for Defendant Starr Surplus Lines
                        Insurance Company

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 7

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that on August 7, 2013 I served a copy of the foregoing document upon the following interested parties in the manner indicated below:

| *Attorneys for Plaintiff* <br><br> Donald B. Scaramastra <br> Garvey Schubert Barer <br> 1191 Second Avenue, 18th Floor <br> Seattle, WA 98101-2939 | (  )   Via Legal Messenger <br> (  )   Via Overnight Courier <br> (  )   Via Facsimile <br> (  )   Via U.S. Mail <br> (X)   Via Email to dscar@gsblaw.com |
|---|---|

DATED this 7th day of August, 2013.

CHAMBERLIN KEASTER & BROCKMAN LLP

/s/_____
Peter J. Mintzer, WSBA No. 19995
CHAMBERLIN KEASTER & BROCKMAN LLP
500 Union Street, Suite 645
Seattle, WA 98101
Telephone:  206-447-6461
Facsimile:   206-223-4021
Email: pmintzer@ckbllp.com

Attorneys for Defendant Starr Surplus Lines Insurance Company

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT   - 8

CHAMBERLIN KEASTER &
BROCKMAN LLP
500 UNION STREET, #645
Seattle, WA 98101-4061
(206) 447-6461